## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID GLAZE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-18-860-R |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

Before the Court is the Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by

Plaintiff's attorney, Miles L. Mitzner.  Doc. No. 31.  By this motion, Plaintiff's counsel,

seeks an Order approving an award of $8,669.75 for legal work performed before this

Court. Defendant filed a response, although he has no stake in the outcome of this motion

and expressed no opinion regarding the propriety of the requested fee award. (Doc. No.

32). Having considered counsel's request, the Court finds as follows.

On August 9, 2019, the Court entered judgment in favor of Plaintiff and remanded

this matter to the Commissioner for additional proceedings. Upon remand the

Commissioner concluded that Plaintiff was disabled and therefore entitled to an award of

past due benefits totaling $34,769.00. The Commissioner held back $6,000 for attorney's

fees, less than the twenty-five percent of past due benefits normally withheld. As noted,

Counsel now seeks fees of $8,669.75, which constitutes 25% of Plaintiff's past-due

benefits. The request and amount are in accordance with the attorney fee agreement

executed by Plaintiff and his counsel. (Doc. No. 31, Ex. 1).

Counsel's request for fees is governed by 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

Where, as here, a fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

In support of the motion, counsel attached a time report demonstrating that 21.40 hours of attorney time and 8.95 hours of paralegal time were expended performing work before this Court prior to remand. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. The benefits awarded to Plaintiff justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the character of the representation or the results achieved were in any way deficient.

Plaintiff states in his motion, "[b]efore deciding whether to approve the $8,669.75 in attorney fees for court work, the Court might consider the question of whether Congress intended to limit representative fees before both the agency and the court under 42 U.S.C. § 406 to aggregate of 25 percent of past-due benefits." (Doc. No. 31, pp 7-8). The Supreme Court answered this question directly in 2019, *see Culbertson v. Berryhill*, 139 S.Ct. 517 (2019). Therein the Court held that under the plain language of § 406(a), which governs

2

fees to be paid to representatives appearing before the Commissioner and § 406(b), which governs attorney fees for work related to judicial review, the 25% is not an aggregate.[1] Accordingly, counsel is entitled to recover the entire amount requested.

Generally, "[i]f the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference." *Wrenn v. Astrue,* 525 F.3d 931, 933 (10th Cir. 2008). Both parties agree that counsel herein may proceed by following the procedure described in POMS GN 03920.055.[2] Additionally, because Plaintiff's counsel previously sought and received a $7,071.20 fee award pursuant to EAJA, counsel must refund that award to Plaintiff if it was indeed received by counsel.

As set forth above, the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 31) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $8,669.75 and directs the Commissioner to pay to the Plaintiff's attorney the balance of any past-due benefits in his possession up to said amount. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

---

[1] 42 U.S.C. § 406(a) provides that if an agency representative has a fee agreement with a claimant fees are capped at the lesser of 25% or $6,000.00. Section 406(a)(4) requires that the agency withhold up to 25% of past-due benefits for direct payment of the fee. Section 406(b) permits the agency to withhold past-due benefits to pay § 406(b) attorney fees.

[2] POMS GN 03920.055 provides that if the agency "fails to withhold past-due benefits" for a 406(b) fee, the representative must "look to [the claimant] for payment." POMS GN 03920.055(B)(2), available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920055. It further provides that if the representative is "unable to collect the fee from the claimant," the agency will "[p]ay the representative the maximum amount [it] should have paid from the claimant's [sic] past-due benefits ... and "[i]nitiate overpayment recovery procedures from the claimant, by refund or adjustment, of the amount paid to the representative, plus the withheld assessment amount." POMS GN 03920.055(C).

**IT IS SO ORDERED** this 4th day of January 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE